Sudge Buckner
Hughes sued R. and W. Crawford, in an action of trespass, quare clausum fregil, and recovered a verdict and judgment, to reverse which, they prosecute this writ of error.
delivered the opinion of the court.
The declaration charges, that the said R. and W. Crawford forcibly entered the close of said Hughes, then in his possession, and with cattle, &c. destroyed his grass, corn, &c.
The trial was had upon the general issue. The errors assigned, question the correctness of the instructions given by the Court to the jury, and of the opinion, in overruling a motion made by the plaintifis in error, for a new trial.
Various witnesses were examined; but we shall not •notice more of the testimony than may be necessary to be-considered in relation to the alleged errors in the instructions to the jury.
The plaintiffs and defendant in error, during the year 1827, occupied distinct parcels of a field, under the same enclosure. Hughes was eutitled to the upper part of the field-; but had exchanged it with the Crawfords for the lower part, who agreed to put up a fence, dividing the field, and separating their part of it from that of Hughes. The defendant in error having cultivated his part of the field in corn, the Stock of the Crawfords and of others, during the summer and fall of that year, got into the field, on the side occupied by them, and destroyed the corn of Hughes; but it was not proved that the plaintiffs in error put them in, or consented for any one else to do so.
On the motion of the defendant in error, the court instructed the jury:
1st. “That if they believed, that the hogs and stock of the Crawfords, were put by them into that part of the field occupied by them, or were permitted by them to go there, and that they had agreed with *434 Hughes to put up the fence between their part of it, and"his,'and had not done it, and the hogs and stock said Crawfords went out of it, into Hughes’s cornfield. the law was for Hughes; and they ought to find for him.
Owner of an-Jarils, manm-etie naturie, bound to confine them on bis own land, and if they escape and trespass on land óf another, unless through defect of fences, which latter ought to repair, their owner liable to notion of tr-spass. (¿«ture. How far this doc-_ trinéis appliable to our country?
One. man is not liable in action of trespass for depredation committed by cattle of another, unless done by his agency.
2d. The court also instructed the jury, that if the said Crawfords turned other people’s stock inlo their part of the field, or permitted them to go there, and that they, (said Crawfords) wore bound by contract to put up such a fence, and had failed to do it, whereby the stock of others had got into Hughes’s cornfield; for this injury, also, Hughes had aright to recover in this action.”
Whether, from the proof exhibited, Hughes would have been entitled to a verdict for damages, sustained from the cattle, &c. of the plaintiffs in error, need not be decided, as it is evident that the second instruction given by the circuit court, was erroneous.
In I. Cbitty, 71, it is said, “with respéxt to animals, mansueta natura, as cows and sheep, as their propensity to rove is notorious, the owner is bound, at all events, to confine them on his own land, and if they escape, and commit a trespass on the land of another, unless, through the defect of fences, which the latter ought to repair, the owner is liable to an action of trespass, though he had no notice in fact of such propensity.”
It is not necessary, in this case, to determine how far this doctrine is applicable to the condition of this country.
However that may be, a man is certainly not liable for a trespass, committed by the cattle of other persons. If the plaintiffs in error, had turned the cattle of others into the field, or had directed, or given leave to others to put them in, the case would have been presented in a different aspect. If, under contract with the defendant in error, R, and W. Crawford were bound to have made a fence dividing the field, and failed to make it, and the cattle of other persons destroyed his corn, which the fence, if made might have prevented, the remedy for a violation of the contract should have been sought in a fi rm of action, different from that to which Hughes resorted.
Breck, for.plaintiff; Turner, for defendant.
The judgment of the circuit court must be reversed with costs, and. the cause remanded for further proceedings to be had in accordance with this opinion.